IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.                                                          Civ. No. 1:20-cv-715

$26,100.00 UNITED STATES CURRENCY,
$12,000.00 UNITED STATES CURRENCY,

1958 CHEVROLET IMPALA VIN:58-1867,
1961 CHEVROLET IMPALA VIN:11867L160496,
1962 CHEVROLET IMPALA VIN:21747S139618,
1962 CHEVROLET IMPALA VIN:62-1847,
1963 CHEVROLET IMPALA VIN: CONTROL #136020,
2012 DODGE CHALLENGER VIN:2C3CDYBT8CH269939,

$2,428.00 UNITED STATES CURRENCY,
$1,056.00 UNITED STATES CURRENCY,
$1,760.00 UNITED STATES CURRENCY,

2015 DODGE CHALLENGER VIN:2C3CDZC99FH887901,
2018 GMC YUKON VIN:1GKS2CKJXJR269960,

    *Defendants-in-rem.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

**NATURE OF THE ACTION**

1.     This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1956 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

## DEFENDANT *IN REM*

2.  The defendant *in rem* consists of the following:

    a. $26,100.00 United States Currency,
    b. $12,000.00 United States Currency,
    c. 1958 Chevrolet Impala VIN:58-1867,
    d. 1961 Chevrolet Impala VIN:11867L160496,
    e. 1962 Chevrolet Impala VIN:21747S139618,
    f. 1962 Chevrolet Impala VIN:62-1847,
    g. 1963 Chevrolet Impala VIN: CONTROL #136020,
    h. 2012 Dodge ChallengeVIN:2C3CDYBT8CH269939,
    i. $2,428.00 United States Currency,
    j. $1,056.00 United States Currency,
    k. $1,760.00 United States Currency,
    l. 2015 Dodge Challenger VIN:2C3CDZC99FH887901,
    m. 2018 GMC Yukon VIN:1GKS2CKJXJR269960,

(hereafter collectively referred to as "Defendant Property").

3.  The Defendant Property was seized by the Federal Bureau of Investigation on January 29, 2020, in the District of New Mexico.

4.  The Defendant Property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5.  The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6.  Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district.  Upon the filing of this complaint, the Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7.      In 2010, Francisco Navarro was convicted in the United States District Court for the District of New Mexico of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He was released from federal prison 2013. Following his release, Navarro acquired cash, vehicles and real property. The value of these assets far exceeded Navarro's legitimate sources of income. Despite the lack of sufficient legitimate income, Navarro gave two residences to Jennifer Sanchez, his sister-in-law, in February 2013.

8.      The drastic change in finances between Navarro's 2013 release prison to present led agents to believe Navarro was operating a large scale and successful drug trafficking organization (DTO). Investigators believe Navarro's DTO arose from contacts Navarro made during his incarceration with members of the Mexican drug trafficking organizations (MDTO).

9.      Navarro maintained a checking account with Bank of America, in the name of Francisco J Navarro Sole Prop DBA Navarros Paint and Body. From October 2018 through September 2019, Navarro made 25 cash deposits totaling $113,983 into the account.

10.     Navarro began to purchase real property in 2016 using real estate contracts (RECs). Navarro's purchases included both residential houses and vacant lots. American Escrow Co. (AEC), an Albuquerque Escrow company, serviced Navarro's real estate contracts. AEC is the only escrow company in Albuquerque that accepts cash payments on real estate contracts, and until sometime in 2019, AEC did not require a person making payments to provide any identification. RECs are an effective vehicle for laundering illegal drug proceeds. To conceal the proceeds of drug trafficking, Navarro made cash payments to AEC. AEC then deposited the cash in a financial institution and disbursed funds to the sellers on the RECs and to the county taxing authority in the form of bank transfers or checks. Navarro's girlfriend, Brittney Gonzales, also

purchased a residence on a REC and made cash payments to AEC. In 2018 and 2019, AEC received a minimum of $317,000 in payments for Navarro's real properties.

11. Navarro has maintained access, dominion, and control over all of his real property, as evidenced by GPS pings on his cellular phone.

12. Investigation further revealed that the Navarro DTO is involved in bulk cash smuggling of illegal drug proceeds within the U.S. and across the border into Mexico. In 2019, five vehicles (two Honda Accords, two Buick Enclaves, and a Ford Transit Van) acquired by the DTO were identified as having after market, hidden compartments or evidence of tampering to access natural voids in the vehicles. Two of these vehicles were searched crossing into the U.S. from Mexico with empty compartments, which indicates they were used to transport currency into Mexico.

13. In October 2019, a Buick Enclave operated by the Navarro DTO was interdicted in Texas. The Buick's hidden compartments contained approximately $846,000.00 in U.S. currency. The currency constituted the proceeds of illegal drug trafficking.

14. On January 29, 2020, agents executed multiple search warrants on Navarro's properties in Albuquerque, including the following:

7512 Rainwater Road SW;

4405/4409 Butler Lane SW,;

9912 Bellevue Street;

1105 Alexandra Street SW; and

1939 San Ygnacio Road SW

15. At 7512 Rainwater SW, investigators recovered $26,100 in currency, body armor, and a WASR-10 AK47 rifle and magazine in a bedroom and a money counter in a second

bedroom. The currency was on a bed inside of a plastic grocery bag and was divided into three separate bundles. Each bundle was wrapped with rubber bands and another rubber band held all three bundles together. The currency consisted of multiple denominations primarily comprised of 100s and 20s.

16. 7512 Rainwater SW was one of the locations Navarro purchased and has listed as his address on many legal and financial documents, to include his driver's license, RECs, loan applications, and property taxes. Navarro's mother, Candelaria Duran, arrived shortly after the search began. Duran advised agents she is the resident there, and her two sons only come to visit a couple of times a week. In addition to the items named above, Agents located multiple documents, electronics, photos, VIN plates, a handgun, ammunition, equipment, marijuana, and CBD within the residence. Duran said she did not own any firearms and did not know where the marijuana and CBD came from. Duran said she does not have a medical marijuana card and does not use.  It appeared that Duran had a bedroom at this location that she actively occupied.

17. At 4405/4409 Butler Lane SW, agents discovered $12,000 in U.S. currency. The bulk of the currency, $10,636, was concealed within the housing unit of a bathtub. The currency was in a plastic grocery bag in multiple bundles, The bundles were wrapped with rubber bands. The currency consisted of multiple denominations, primarily 20s. A money counter was recovered in another room. The remainder of the currency was scattered through the residence. Agents located marijuana, cell phones, a firearm, documents, and VIN plates, and discovered classic cars in a detached garage, including a 1958 Chevrolet Impala, a 1961 Chevrolet Impala, two 1962 Chevrolet Impalas and a 1963 Chevrolet Impala. Agents also located a 2012 Dodge Challenger with a salvage title, registered to Francisco Navarro. Navarro acquired these vehicles with the proceeds of illegal drug trafficking and funds involved in money laundering. Navarro

caused the 1961 Chevrolet Impala to be registered in the name of his mother, Candelaria Duran. The only title for the 1962 Chevrolet Impala with VIN 21747S139618 is a cancelled title in the name of Efren Candelaria. Agents were unable to identify titles for the 1958 Chevrolet Impala, the second 1962 Impala (VIN 62-1847), and the 1963 Impala. At no time material hereto did Candelaria Duran exercise dominion or control over the vehicles. Additionally, it did not appear that Duran actively occupied a bedroom at this location. Navarro had made improvements to the property, including a concrete wall enclosing the property and numerous surveillance cameras.

18. At 9912 Bellevue Street NW, agents discovered $2,428 in U.S. currency in Navarro's wallet. Agents also located a 2018 GMC Yukon acquired by Navarro with the proceeds of illegal drug trafficking and funds involved in money laundering. The Yukon is registered to Francisco Navarro and Brittany Gonzales. Navarro and Gonzales purchased the vehicle for approximately $76,900 in 2018, in part with financing from Capital One. Prior to the seizure, Navarro and Gonzales made payments to the vehicle loan from the "Navarros Paint and Body" Bank of America account, as well as Gonzales' Wells Fargo bank account. In 2019, Gonzales deposited $83,540 in cash into her Wells Fargo account. Investigators also recovered numerous cell phones at this residence. Navarro and Gonzalez signed an REC to purchase 9912 Bellevue Street NW in 2018.

19. At 1105 Alexandra Street SW, agents discovered $1.056 in the wallet of Raymond Gonzales. Gonzales is an active member of the DTO. Agents further located $1,760 in U.S. currency in Brittany Gonzales's purse. Brittany Gonzales is an active member of the DTO and owns 1105 Alexander Street SW via a REC.

20. At 1939 San Ygnacio Road SW, agents located a 2015 Dodge Challenger. Navarro owns the residence via a REC and rents out portions of it to several people, including a

longtime associate. Navarro acquired the 2015 Dodge Challenger with proceeds of illegal drug trafficking and funds involved in money laundering. Navarro purchased the vehicle for approximately $72,700 in 2015, with financing from U.S. Eagle Federal Credit Union. Navarro paid off the loan in 2018. According to U.S. Eagle, Navarro made all payments in cash. The 2015 Dodge Challenger was registered to Navarro, but the registration expired in 2016.

### FIRST CLAIM FOR RELIEF

21. The United States incorporates by reference the allegations in paragraphs 1 through 20 as though fully set forth.

22. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

23. Defendant Property was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

24. The United States incorporates by reference the allegations in paragraphs 1 through 20 as though fully set forth.

25. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture property involved in a transaction or attempted transactions in violation of 18 U.S.C. § 1956 or property traceable to such property.

26. The Defendant Property was involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956 or is traceable to such transactions and is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE: Plaintiff seeks arrest of Defendant Property and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Property, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*[signature]*

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Federal Bureau of Investigation who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 7/17/2020

Thomas C. Neale, Special Agent
Federal Bureau of Investigation

JS 44 (Rev. 12/12)   Case 1:20-cv-00715   Document 1-1 Filed 03/13/20   Page 1 of 1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
$26,100.00 U.S. Currency, et.al.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | **LABOR** / **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | ☐ 720 Labor/Management Relations / ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | ☐ 740 Railway Labor Act / ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 751 Family and Medical Leave Act / ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | | ☐ 790 Other Labor Litigation / ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 981(a)(1)(A) pand 21 U.S.C. § 881(a)(6)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 7/16/2020

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE